UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, § § Plaintiff § § v. § RICO SPIRITS LLC d/b/a DON RICO § TEQUILA, and CHRISTIAN ANTHONY § OLIVO, § § Defendants. § | CIVIL ACTION NO. 1:26-cv-00057 |

## PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Scottsdale Insurance Company ("Scottsdale") hereby seeks Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, against the defendants Rico Sprits LLC d/b/a Don Rico Tequila and Christian Anthony Olivo (collectively "Defendants"), for the purpose of determining a question of actual, immediate controversy between the parties concerning insurance coverage. Scottsdale alleges as follows:

## PARTIES

1. Scottsdale is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Arizona.

2. Rico Sprits LLC d/b/a Don Rico Tequila ("Don Rico") is a limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas.

3. Upon information and belief, Don Rico's Manager and Registered Agent is Richard A. Olivo. Richard Olivo is an individual and a citizen of the State of Texas.

4. Upon information and belief, Sharon Olivo is a member of Don Rico. Sharon Olivo is an individual and a citizen of the State of Texas.

5. Christian Anthony Olivo ("Christian Olivo") is an individual and is a citizen of the State of Texas.

## NATURE OF THE CLAIM

6. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between Scottsdale and the Defendants regarding the parties' respective rights and obligations under a policy of insurance number CPS7995175 issued by Scottsdale to Don Rico for the period May 13, 2024 to May 13, 2025 (the "Policy"). Attached hereto as **Exhibit 1** is a true and correct copy of the Policy.

7. Scottsdale seeks a judgment declaring that it has no duty under the Policy to provide coverage for Don Rico or Christian Olivo for a lawsuit filed in the County Court at Law 3, El Paso County, Texas styled *Annie Courreges v. Rico Spirits, LLC et al.,* cause number 2025DCV2183 (the "Underlying Suit").

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000 exclusive of interest, attorney's fees and costs.

9. Upon information and belief, there is no common state of citizenship between Scottsdale and a member of Don Rico.

10. Scottsdale diligently searched the Texas Franchise Tax and Texas Secretary of State public records for Don Rico, including the Certificate of Formation and the most recent

2

Texas Franchise Tax Public Information dated May 13, 2024, for Don Rico, and the only individual listed in those documents was Richard Olivo.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim asserted below occurred within this judicial district.

## FACTUAL BACKGROUND

12. On August 1, 2025, Annie Courreges ("Underlying Plaintiff") filed her First Amended Petition in the Underlying Suit against Defendants. Attached hereto as **Exhibit 2** is a true and correct copy of the Underlying Plaintiff's First Amended Petition filed in the Underlying Suit.

13. In the Underlying Suit, Underlying Plaintiff alleges that, on March 15, 2025, she was travelling westbound on Redd Road in El Paso County, Texas, Christian Olivo was travelling eastbound on Redd Road, and Christian Olivo unlawfully entered into her westbound lane of travel and struck Underlying Plaintiff's vehicle head-on.

14. Underlying Plaintiff alleges that Christian Olivo was arrested at the scene of the accident for "Intoxication Assault with a Vehicle."

15. Underlying Plaintiff alleges that, prior to the accident, Christian Olivo consumed alcoholic beverages on the premises of Perol Restaurant in El Paso, Texas, at a "tequila tasting event" hosted at Perol.

16. Underlying Plaintiff alleges Don Rico, its employees, agents, and/or servants, provided Christian Olivo with "alcoholic beverages up to and past the point of obvious intoxication" and did nothing to prevent Christian Olivo from leaving Perol's in an intoxicated state.

3

17. Underlying Plaintiff alleges Don Rico exercised control over Christian Olivo and directed him to transport, deliver, and/or store Don Rico's products when leaving Perol.

18. Underlying Plaintiff alleges that Christian Olivo was under the course and scope of his employment with Don Rico at the time of the accident on March 15, 2025.

19. In the Underlying Suit, Underlying Plaintiff asserts claims of negligence *per se* and negligence against Christian Olivo for proximately causing her alleged injuries and damages by negligently operating an automobile, including driving while intoxicated and Intoxication Assault.

20. In the Underlying Suit, Underlying Plaintiff asserts claims of negligence and vicarious liability against Don Rico for providing and continuing to provide alcoholic beverages to Christian Olivo at Perol, for failing to take action to prevent Christian Olivo from leaving Perol in an intoxicated state, and negligence with respect to exercising control, supervision, and training of Christian Olivo.

21. In the Underlying Suit, Underlying Plaintiff also asserts a claim of Joint Enterprise against Don Rico.

22. Underlying Plaintiff alleges that, as a result of the automobile accident on March 15, 2025, she suffered bodily injuries and she sustained property damage to her vehicle.

23. Underlying Plaintiff seeks compensation for her alleged injuries and property damage to her vehicle. In addition, Underlying Plaintiff alleges that Defendants' conduct constitutes gross negligence and seeks to recover punitive damages against them.

24. Scottsdale is defending Don Rico under the Policy for the claims asserted against it in the Underlying Suit. Scottsdale's agreement to defend Don Rico is subject to a complete reservation of its rights including the right to withdraw its defense, the right to deny indemnity,

and the right to institute litigation to obtain a declaration of its rights and duties under the law or the Policy.

25. Scottsdale has also advised Defendants that it has no duty to defend Christian Olivo pursuant to the Policy's Other Insurance Endorsement.

26. Upon information and belief, Don Rico is in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

## THE POLICY

27. The Policy includes Commercial General Liability ("CGL") coverage.

28. The Policy does not include Commercial Automobile Liability coverage.

29. The Policy does not include Liquor Liability coverage.

30. The Policy CGL Coverage form includes the following insuring agreement, in part:

> a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*
>
> \*\*\*\*
>
> b. *This insurance applies to "bodily injury" and "property damage" only if:*
>
>> (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>>
>> (2) *The "bodily injury" or "property damage" occurs during the policy period; and*
>
> \*\*\*\*

5

31. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

32. The Policy defines "property damage" as follows: "Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

33. The Policy includes the following relevant exclusion:

> *This insurance does not apply to:*
>
> *\*\*\*\**
>
> c.   *Liquor Liability*
>
> *"Bodily injury" or "property damage" for which any insured may be held liable by reason of:*
>
> *(1)   Causing or contributing to the intoxication of any person;*
>
> *(2)   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*
>
> *(3)   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*
>
> *This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:*
>
> *(a)   The supervision, hiring, employment, training or monitoring of others by that insured; or*
>
> *(b)   Providing or failing to provide transportation with respect to any*

> *person that may be under the influence of alcohol;*
>
> *if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph (1), (2) or (3) above.*
>
> *However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.*

\*\*\*\*

34. The Policy is amended by an Endorsement that modifies coverage of the insuring agreement, and states in relevant part:

> *THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*
>
> *EXCLUSION – TOTAL AIRCRAFT, AUTO OR WATERCRAFT WITH LIMITS EXCEPTIONS*
>
> *This endorsement modifies insurance provided under the following:*
>
> *COMMERCIAL GENERAL LIABILITY COVERAGE PART*
>
> A. *SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY, paragraph 2. Exclusions, subparagraph g. Aircraft, Auto Or Watercraft is deleted in its entirety and replaced by the following:*
>
> g. *Aircraft, Auto Or Watercraft*
>
> *"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any and all aircraft, "auto" or watercraft. Use includes operation and "loading or unloading"*

> *This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.*
>
> *This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the failure to protect persons or property against any aircraft, "auto" or watercraft as a dangerous condition, defect or activity, including any actual or alleged failure to maintain a reasonably safe premises, failure to warn or failure to provide security or safety measures.*
>
> *This exclusion applies regardless of whether the aircraft, "auto" or watercraft is owned or operated by or rented or loaned to any insured or any other person or entity.*

\*\*\*\*

35. The Policy defines "Auto" as follows: "A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. However, 'auto' does not include 'mobile equipment'."

## DECLARATORY RELIEF

36. Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

37. There is an actual, present, and existing controversy between Scottsdale and the Defendants regarding Scottsdale's obligations under the Policy in connection with the Underlying Suit.

38. Pursuant to 28 USC § 2201, *et seq.*, Scottsdale seeks a judicial declaration of its rights and duties under the Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

39. The Policy does not provide coverage for the claims asserted against Defendants in the Underlying Suit for the Underlying Plaintiff's alleged damages.

40. The CGL coverage of the Policy does not provide coverage to any insureds for the claims asserted against them in the Underlying Suit pursuant to the terms and conditions of the Liquor Liability Exclusion. Specifically, Defendants' alleged liability for Underlying Plaintiff's alleged damages is for causing or contributing to the intoxication of Christian Olivo and/or the furnishing of alcoholic beverages to Christian Olivo while he was under the influence of alcohol.

41. The Policy's Liquor Liability Exclusion also excludes coverage for Defendants for Underlying Plaintiff's alleged damages due to the alleged negligence and wrongdoing of Don Rico in the supervision, hiring, employment, training, or monitoring of others by Don Rico, and for providing or failing to provide transportation with respect to Christian Olivo when he left Perol.

42. The CGL coverage of the Policy does not provide coverage to any insureds for the claims asserted against them in the Underlying Suit pursuant to the terms and conditions of the Total Aircraft, Auto or Watercraft Exclusion. Specifically, Defendants' alleged liability to Underlying Plaintiff for her alleged damages arises out of the ownership, use, and entrustment to others of an auto, including the operation and/or loading or unloading.

43. The Total Aircraft, Auto or Watercraft Exclusion excludes coverage for any insured regardless of whether the auto is owned or operated or rented or loaned to any insured or any other person or entity, and the auto here was being operated by Christian Olivo.

44. The Total Aircraft, Auto or Watercraft Exclusion excludes coverage for any defendant regardless of whether the alleged liability in the Underlying Suit is from negligence or

other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured.

45. In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, provisions, limits, definitions and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation of these claims continue, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff Scottsdale Insurance Company respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including but not limited to declaring that it has no duty under the Policy to provide coverage for Defendants for the claims asserted against them in the Underlying Suit. Scottsdale further requests that it be awarded such further relief as the law may require or permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**

 */s/* Kasi G. Schuelke
Kasi G. Schuelke
Texas Bar No. 24098915
David M. Albaugh
Texas Bar No. 24138688
2102 E. State Highway 114, Suite 207
Southlake, Texas 76092
Telephone: 817-488-3134
Telecopier: 817-488-3214
Email: kasi.schuelke@phelps.com
Email: david.albaugh@phelps.com

**ATTORNEYS FOR PLAINTIFF
SCOTTSDALE INSURANCE COMPANY**