**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff | § | |
| | § | CASE No.: 1:26-CV-00057-RP |
| v. | § | |
| | § | |
| RICO SPIRITS LLC d/b/a DON RICO TEQUILA, CHRISTIAN ANTHONY OLIVO, and ANNIE COURREGES, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**SCOTTSDALE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Scottsdale Insurance Company ("Scottsdale") files this Motion for Summary Judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Scottsdale filed this declaratory judgment action seeking a determination that its insurance policy issued to Rico Spirits LLC d/b/a Don Rico Tequila ("Don Rico") provides no coverage for Don Rico or Christian Anthony Olivo ("Olivo") in the underlying lawsuit styled *Annie Courreges v. Rico Spirits, LLC et al.*, Cause No. 2025DCV2183, County Court at Law No. 3, El Paso County, Texas (the "Underlying Suit").

In the Underlying Suit, Annie Courreges ("Courreges") alleges she suffered bodily injuries and property damage in a head-on collision on March 15, 2025. She claims Olivo, while acting in the course and scope of his employment with Don Rico, caused the collision while intoxicated after consuming alcoholic beverages at a Don Rico tequila tasting event.

Scottsdale issued policy number CPS7995175, to Don Rico for the period May 13, 2024 to May 13, 2025 (the "Policy"). Although Scottsdale has been providing a defense for Don Rico

and Olivo (collectively, the "Insureds") in the Underlying Suit under a reservation of rights, two separate exclusions in the Policy apply to Courreges's allegations—an auto exclusion and a liquor liability exclusion—each independently bar coverage. Because no set of facts could bring these claims within coverage, Scottsdale is entitled to a declaration that it owes no duty to defend or indemnity the Insureds.

## STANDARD OF REVIEW

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] If the record, taken as a whole, could not lead a rational fact finder to find for the non-moving party, there is no genuine issue for trial.[2] Where the non-moving party will bear the burden of proof at trial on a dispositive issue, that party also bears the burden under Fed. R. Civ. P. 56 to demonstrate that there is a genuine fact issue for trial.[3]

"Texas law places the burden to prove the existence of insurance coverage under an insurance policy on the party claiming coverage."[4] Once established, the burden shifts to the insurer to show the applicability of a policy exclusion.[5] Then, the party claiming coverage would have the burden to show that an exception to an exclusion applies.[6] "The burdens of proof in a declaratory judgment action brought by an insurer seeking a declaration of non-coverage are the same as they would be if the action had been brought by the insured against the insurance company claiming the existence of coverage for a particular claim or event."[7]

---

1 Fed.R.Civ.P. 56.
2 *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).
3 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
*David Lewis Builders, Inc. v. Mid-Continent Cas. Co.*, 720 F. Supp. 2d 781, 784 (N.D. Tex. 2010), *aff'd*, 410 F. Appx. 787 (5th. Cir. 2011).
5 *Id*.
6 *Id*.
7 *Id*..

## STATEMENT OF UNDISPUTED FACTS

### *A. The Underlying Suit*

In the Underlying Suit, Courreges alleges that, on March 15, 2025, she was travelling westbound on Redd Road in El Paso County, Texas, Olivo was travelling eastbound on Redd Road, and Olivo unlawfully entered her westbound lane of travel and struck Courreges's vehicle head-on.[8] Courreges alleges that Olivo was arrested at the scene of the accident for "Intoxication Assault with a Vehicle" and that, prior to the accident, Olivo consumed alcoholic beverages on the premises of Perol Restaurant in El Paso, Texas, at a "tequila tasting event" where Don Rico's employees, agents, and/or servants, provided Olivo with "alcoholic beverages up to and past the point of obvious intoxication" and did nothing to prevent Olivo from leaving Perol's in an intoxicated state.[9] Courreges further alleges that Olivo was in the course and scope of his employment with Don Rico at the time of the accident.[10]

Courreges asserts claims of negligence claims against Olivo for causing her alleged injuries and damages by negligently operating an automobile, including driving while intoxicated.[11] Courreges asserts claims of negligence and vicarious liability against Don Rico for providing and continuing to provide alcoholic beverages to Olivo at Perol, and for failing to take action to prevent Olivo from leaving Perol in an intoxicated state.[12] Courreges also asserts Don Rico was negligent in exercising control, supervision, and training of Olivo.[13]

---

8 **Exhibit A**, Courreges's First Amended Petition filed in the Underlying Suit, p. 4.
9 **Exhibit A**, p. 4.
10 **Exhibit A**, p. 5.
11 **Exhibit A**, pp. 5-7.
12 **Exhibit A**, pp. 7-8.
13 **Exhibit A**, pp. 7-8.

### *B. The Policy*

The Policy includes Commercial General Liability ("CGL") coverage for Rico Spirits LLC dba: Don Rico Tequila.[14] The Policy's CGL Coverage Form includes the following insuring agreement, in part:[15]

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> ****
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> ****

The Policy includes endorsement GLS-690 (03-23), Exclusion - Total Aircraft, Auto Or Watercraft With Limited Exceptions (the "Total Auto Exclusion"), that modifies the CGL Coverage Form to include the following exclusion, in relevant part:[16]

> This insurance does not apply to:
>
> ****
>
> g. Aircraft, Auto Or Watercraft

14 **Exhibit B**, Scottsdale Policy No. CPS7995175, Declarations, p. 10.
15 **Exhibit B**, p. 25.
16 **Exhibit B**, pp. 64-65.

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any and all aircraft, "auto" or watercraft. Use includes operation and "loading or unloading"
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the failure to protect persons or property against any aircraft, "auto" or watercraft as a dangerous condition, defect or activity, including any actual or alleged failure to maintain a reasonably safe premises, failure to warn or failure to provide security or safety measures.
>
> This exclusion applies regardless of whether the aircraft, "auto" or watercraft is owned or operated by or rented or loaned to any insured or any other person or entity.

****

The Policy defines "Auto" as "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. However, 'auto' does not include 'mobile equipment'."[17]

The Policy also includes the following exclusion in the CGL Coverage Form:[18]

> This insurance does not apply to:

****

> c. Liquor Liability

---

17 **Exhibit B**, p. 37.
18 **Exhibit B**, p. 26.

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

(a) The supervision, hiring, employment, training or monitoring of others by that insured; or

(b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph (1), (2) or (3) above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

## ARGUMENT

***A. The Total Auto Exclusion applies to preclude coverage.***

Scottsdale seeks a declaration that the CGL coverage in its Policy does not provide coverage to the Insureds for the claims asserted against them in the Underlying Suit pursuant to the terms and conditions of the Total Auto Exclusion. Specifically, because the Insureds' alleged liability to Courreges in the Underlying Suit arises out of the use of an auto, the Policy does not apply to provide coverage.

The Texas Supreme Court says that "[F]or liability to 'arise out of' the use of a motor vehicle, a causal connection or relation must exist between the accident or injury and the use of the motor vehicle."[19] The causal connection means but for causation, "not necessarily direct or proximate causation."[20] Under Texas law, where an exclusion prevents coverage for injuries "arising out of" a particular conduct, "[a] claim need only bear an incidental relationship to the described conduct for the exclusion to apply."[21]

Texas Courts routinely uphold the application of an auto exclusion where the injuries and damages a claimant seeks arose from the use of an auto, regardless of what legal theories may be asserted against an insured.[22] In *Citgo Petroleum Corp.*, the court asked this question when analyzing a *narrower* auto exclusion that excluded coverage for bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any aircraft,

---

19 *Mid-Century Ins. Co. of Texas v. Lindsey*, 997 S.W.2d 153, 156 (Tex 1999) (*citing National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 142 (Tex. 1997)); and *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

20 *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.* ("*ALC*"), 468 F.3d 857, 859–60 (5th Cir. 2006) (quoting *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)).

21 *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003) (citing *Scottsdale Ins. Co. v. Tex. Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999)).

22 *See, e.g.*, *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 769 (5th Cir. 1999) ("[W]hat [can] an auto exclusion ... possibly be for, if it is not applicable to a truck running a red light, crushing a car, and killing its occupant[?]").

'auto' or watercraft owned or operated by or rented or loaned to any insured."[23] The case involved a motor vehicle accident involving a truck carrying Citgo's petroleum products and another vehicle.[24] The court upheld Travelers' denial of CGL coverage under the auto exclusion, saying "there can be no doubt that but for the negligent driving of the truck, there would be no lawsuit."[25] There can also be no doubt here that the Underlying Suit would not have been filed but for Olivo's alleged negligent driving.

Here, the Policy's Total Auto Exclusion excludes coverage for the very type of claim considered by Texas courts and asserted in the Underlying Suit. Coverage is excluded for "bodily injury" or "property damage" "arising out of the…use…of any and all…'auto'…." Texas courts broadly apply similar, yet narrower, auto exclusions even where a vehicle is not in motion. Here, in the Underlying Suit, Courreges alleges Olivo was operating his truck, that Olivo crossed the center line and collided with her vehicle, causing her injuries and damages. Because Courreges's alleged damages arose out of Olivo's use of an auto, the Total Auto Exclusion applies to preclude coverage.

***B. Separately, the Liquor Liability Exclusion also applies to preclude coverage.***

Notwithstanding application of the Total Auto Exclusion, the Policy also does not provide coverage to the Insureds for the claims asserted against them in the Underlying Suit pursuant to the Liquor Liability Exclusion. Specifically, the Insureds' alleged liability is not covered because Courreges's injuries and damages are due to their causing or contributing to the intoxication of Olivo and by furnishing alcoholic beverages to him while he was under the influence of alcohol.

---

23 *Travelers Indem. Co.*, 166 F.3d at 769.
24 *Id*. at 763.
25 *Id*. at 771.

This exclusion applies to businesses which manufacture, distribute, sell, serve, or furnish alcoholic beverages, which Don Rico admits to.[26]

Texas courts have found that a liquor liability exclusion in a CGL policy, like the one in the Policy, "plainly and specifically negates *coverage for liability arising out of the business of selling or serving alcohol*."[27] For instance, in *Paradigm Ins.*, a claimant filed suit against an insured alleging that she was injured in a motor vehicle accident when another vehicle driven by an intoxicated driver collided with the vehicle she was riding in and further alleged that the insured served and continued to serve the driver alcoholic beverages event though it was apparent he was obviously intoxicated.[28] The insurer argued that the liquor liability exclusion in its CGL policy excluded coverage because claimant's injuries arose out of the insured's provision of alcohol to the driver. The court, relying on *Abe's Colony Club* and *Thornhill v. Houston General Lloyds*,[29] held the insurer's liquor liability exclusion applied to exclude coverage for the duty to defend its insured in the motor vehicle accident lawsuit.[30] Further, the court concluded that a count for vicarious liability did not change its analysis where the crux of the allegations stemmed from serving alcohol.[31]

---

26 *See* Doc. 16, p. 2, para. 10.

27 *Abe's Colony Club, Inc. v. C&W Underwriters, Inc.*, 852 S.W.2d 86, 89 (Tex. App.—Fort Worth 1993, writ denied) (emphasis in *Abe's*); *see also Paradigm Insurance Co. v. Texas Richmond Corp.*, 942 S.W.2d 645, 649–51 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *Acceptance Insurance Co. v. Walkingstick*, 887 F. Supp. 958, 962–63 (S.D. Tex. 1995) ("This exclusionary clause is clear and unambiguous. It bars coverage of all claims arising out of the business of selling or serving alcohol.").

28 942 S.W.2d at 647-48.

29 802 S.W.2d 127, 130 (Tex. App.—Fort Worth 1991, no writ).

30 *Paradigm*, 942 S.W.2d at 651.

31 *Id.* citing *Thornhill*, 802 S.W.2d at 130 (holding allegation of failure to properly train or supervise employees with regard to the sale of alcoholic beverages did not cause the complaint to fall outside the scope of the exclusion); and *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (it is the "facts giving rise to the alleged actional conduct," and not the cause of action alleged that is determinative).

Here, Courreges alleges Olivo was arrested at the scene of the accident for "Intoxication Assault with a Vehicle" and that, prior to the accident, Olivo consumed alcoholic beverages on the premises of Perol Restaurant in El Paso, Texas, at a "tequila tasting event" where Don Rico's employees, agents, and/or servants, provided Olivo with "alcoholic beverages up to and past the point of obvious intoxication" and did nothing to prevent Christian Olivo from leaving Perol's in an intoxicated state. Thus, Courreges's alleged injuries and damages in the Underlying Suit were caused by or contributed by the intoxication of Olivo and/or Don Rico furnishing alcoholic beverages to Olivo while he was under the influence of alcohol—either of which on its own is precluded conduct under the Liquor Liability Exclusion in the Policy.

### C. There is no duty to defend or indemnify the Insureds in connection with the Underlying Suit.

The Insuring Agreement in the Policy contains two general duties—the duty to defend and the duty to indemnify. In Texas, the allegations in the pleadings generally determine the duty to defend, whereas the duty to indemnify is determined based on the facts actually established in the underlying suit.[32] However, the duty to indemnify is justiciable before the insured's liability is determined in a liability lawsuit when the insurer has no duty to defend and "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."[33] In cases involving auto exclusions where the material facts themselves will not change, courts have determined that the insurer has no duty to indemnify even before the

---

32 *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Co.*, 640 S.W.3d 195, 199 (Tex. 2022).

33 *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997); *LCS Corr. Servs. v. Lexington Ins. Co.*, 800 F.3d 664, 674 (5th Cir. [Tex.] 2016). *But see D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 745 (Tex. 2009) (it was premature to determine the duty to indemnify prior to conclusion of the underlying lawsuit where evidence was presented showing a potential for a duty to indemnify).

insured's liability has been determined.[34] Similarly, courts applying Texas law have found that, where the claims alleged in the underlying lawsuit preclude the duty to defend pursuant to a liquor liability exclusion, there can be no duty to indemnify.[35] In fact, the Fifth Circuit Court of Appeals has stated that "logic and common sense dictate that, if the district court's reading of the liquor liability exclusion is correct (i.e. no duty to defend), there can be no indemnity following a judgment."[36]

As shown above, the claims against the Insureds in the Underlying Suit fall squarely within the Total Auto Exclusion and, separately, within the Liquor Liability Exclusion, and each on its own applies independently to entirely preclude coverage under the Policy. Accordingly, Scottsdale has no duty to defend the Insureds based on the allegations in the pleadings. In addition, there is no set of facts which could transform these claims into covered claims under the Policy as there is no way to avoid the underlying premise of the claims against the Insureds for causing Courreges's alleged injuries by the use of an auto or for causing or contributing to the intoxication of Olivo or by furnishing alcoholic beverages to him while he was under the influence of alcohol. Accordingly, Scottsdale also has no duty to indemnify the Insureds in connection with the Underlying Suit.

## **CONCLUSION**

The Policy excludes coverage in the Total Auto Exclusion for all bodily injury or property damage arising out of the use of an auto and the Underlying Suit would not have been

---

34 *See, e.g., Nautilus Ins. Co. v. Nicky & Claire's Day Care, Inc.*, 630 F. Supp.2d 727, 738-39 (W.D. Tex. 2009) (in considering the auto exclusion and the *Griffin* exception, the court stated: "If Nautilus has no duty to defend, then the Court may find that Nautilus has no duty to indemnify because, no matter what facts are established in the underlying suit, Nautilus would have no duty to indemnify.").

35 *W. Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311, 315 (5th Cir. 1993); *Burlington Ins. Co. v. Fraternal Order of Eagles Broncho Aerie #2914*, 2013 WL 12091534, *7 (July 23, 2013).

36 *River Entertainment* at 315.

filed but for Olivo's use of an auto. Additionally, Courreges's injuries and damages are allegedly caused by the intoxication of Olivo at an event where he was served alcoholic beverages by Don Rico, placing the Underlying Suit squarely within the Liquor Liability Exclusion. While application of only one exclusion results in a finding of no coverage under the Policy, both apply here. Because there is no potential for facts to develop in the Underlying Suit which could trigger coverage under the Policy, a declaration that there is no coverage under the Policy and Scottsdale has no duty to defend or indemnify the Insureds in connection with the Underlying Suit is appropriate.

WHEREFORE, Plaintiff Scottsdale Insurance Company respectfully requests that this Court enter judgment in favor of Scottsdale and declare that there is no coverage under the Policy and Scottsdale has no obligation to defend or indemnify Defendants Rico Spirits LLC d/b/a Don Rico Tequila or Christian Anthony Olivo under the Policy for the claims asserted against them in the Underlying Suit.

Respectfully submitted this 24th day of August 2026.

**PHELPS DUNBAR, LLP**

*/s/ Kasi G. Schuelke*______________
Kasi G. Schuelke
Texas Bar No. 24098915
David M. Albaugh (*admitted pro hac vice*)
Texas Bar No. 24138688
2102 E. State Highway 114, Suite 207
Southlake, Texas 76092
Telephone: 817-488-3134
Telecopier: 817-488-3214
Email: kasi.schuelke@phelps.com
Email: david.albaugh@phelps.com

**ATTORNEYS FOR PLAINTIFF SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which was then served on all parties or counsel of record.

__*Kasi G. Schuelke*
*/s/ Kasi G. Schuelke*