# EXHIBIT A

El Paso County - County Court at Law 3

Filed 8/1/2025 4:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2025DCV2183

IN THE COUNTY COURT AT LAW NUMBER THREE
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ANNIE COURREGES | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| CHRISTIAN ANTHONY OLIVO | § | |
| RICO SPIRITS, LLC, | § | Cause No. 2025DCV2183 |
| P L HOWARD & COMPANY, LLC and | § | |
| YEE GROUP LLC, Individually, or Jointly | § | |
| d/b/a PEROL RESTAURANT, | § | |
| TEQUILA GENERAL GOROSTIETA, | § | |
| LLC., DON VICENTE TEQUILA, LLC., | § | |
| And MIREILLE OLIVO, Individually, and | § | |
| d/b/a LA TEQUILANA | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ANNIE COURREGES (hereinafter "Plaintiff COURREGES"), complaining of CHRISTIAN ANTHONY OLIVO (hereinafter "Defendant OLIVO"), RICO SPIRITS, LLC, (hereinafter referred to as "Defendant SPIRITS"), P L HOWARD & COMPANY and YEE GROUP LLC, Individually, or Jointly d/b/a PEROL RESTAURANT, (hereinafter referred to as "Defendants PEROL"), TEQUILA GENERAL GOROSTIETA, LLC., (hereinafter referred to as "Defendant TEQUILA GENERAL"), DON VICENTE TEQUILA, LLC., (hereinafter referred to as "Defendant DON VICENTE TEQUILA"), and MIREILLE OLIVO, Individually and d/b/a LA TEQUILANA (hereinafter referred to as "Defendant LA

TEQUILANA"), (hereinafter collectively "Defendants"), and for cause of action respectfully shows the Court as follows:

## I. DISCOVERY

Pursuant to Rule 190, the Plaintiff COURREGES moves the Court for entry of a Level III discovery control plan.

## II. PARTIES

Plaintiff ANNIE COURREGES is a resident of El Paso County, Texas. Plaintiff's last three numbers of her social security number are 587.

Defendant CHRISTIAN ANTHONY OLIVO is a resident of Travis County, Texas. Defendant OLIVO has been served and filed an answer, and thus, is properly subject to the Court's jurisdiction.

Defendant RICO SPIRITS, LLC., is a Texas Company doing business with Texas residents. Defendant SPIRITS may be served with process by serving its registered agent, RICHARD OLIVO, or any other authorized officer or agent therein at 9708 Hamadryas Dr., Austin, Texas 78744, and/or wherever they may be found.

Defendant P L HOWARD & COMPANY, LLC d/b/a PEROL RESTAURANT is a Texas company doing business with Texas residents. Defendant P L HOWARD & COMPANY, LLC may be served with process by serving its registered agent, REGISTERED AGENTS INC., or any other authorized officer or agent therein at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

Defendant YEE GROUP LLC., is a Texas Company doing business with Texas residents. Defendant YEE GROUP LLC may be served with process by serving its registered agent, HUMBERTO PEREGRINO, or any other authorized officer or agent therein at 11445 Rojas Dr., El Paso, Texas 79936, and/or wherever they may be found.

Defendant TEQUILA GENERAL GOROSTIETA, LLC., is a Delaware Limited Liability Company doing business throughout the State of Texas, and may be served with process by serving its registered agent, REGISTERED AGENTS INC., or any other authorized officer or agent therein at 5900 Balcones Drive, Ste., 100, Austin, Texas 78731, and/or wherever they may be found.

Defendant DON VICENTE TEQUILA, LLC., is a Texas company doing business with Texas residents. Defendant DON VICENTE TEQUILA may be served with process by serving its registered agent, BRIAN M. TREVIZO YEE, or any other authorized officer or agent therein at 5951 Luckett Ct., Ste., C-2, El Paso, Texas 79932, and/or wherever they may be found.

Defendant MIREILLE OLIVO, individually, and d/b/a LA TEQUILANA is a resident of Alexandria, Virginia doing business throughout the State of Texas. The Secretary of State is the agent for service of process on such non-resident. Service of Process may be had in accordance with the Texas Long Arm Statute by Serving the Secretary of State at 1019 Brazos Street, Austin, Texas 78701, who shall then forward a copy of this Petition to Defendant LA TEQUILANA, and may be served with process at 5026 Domain Pl., Alexandria, VA 22311, and /or wherever they may be found.

## III. ASSUMED NAMES

Pursuant to Rule 28, the Plaintiff COURREGES hereby notifies Defendants they are being sued in all of their business, trade, or common names regardless of whether such businesses are partnerships, unincorporated businesses, individuals, entities, or private corporations.

## IV. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff COURREGES' contention that such was a "misidentification," "misnomer," and/or such parties

are/were "alter egos" of parties named herein. Alternatively, Plaintiff COURREGES contends any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V. VENUE

Venue is proper in El Paso County, Texas, as this is the county where the incident occurred. Tex. Civ. Prac. & Rem Code § 15.002(a)(1).

## VI. FACTS

On or about March 15, 2025, Plaintiff COURREGES was lawfully travelling westbound on Redd Road (west of I-10) in El Paso County, Texas. At the same time, Defendant OLIVO, operating a 2024 Toyota Tacoma unlawfully entered the westbound lane while going east and struck Plaintiff's vehicle head-on. Investigating officers placed Defendant OLIVO under arrest at the scene for Intoxication Assault with a Vehicle.

Upon information and belief, Defendant OLIVO was consuming alcoholic beverages on Defendants PEROL's premises prior to the wreck at a "tequila tasting event." Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and LA TEQUILANA, qualify as "provider" under the Texas Alcohol Beverage Code. Tex. Alco. Bev. Code § 2.01.

Upon information and belief, Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and LA TEQUILANA, their employees, agents, and/or servants provided Defendant OLIVO alcoholic beverages up to and past the point of obvious intoxication. Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and/or LA TEQUILANA's employees, agents, or servants did nothing to prevent Defendant OLIVO from leaving Defendants PEROL's premises in an intoxicated state.

Upon information and belief, Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and/or LA TEQUILANA's employees, agents, representatives, and/or

servants, put out joint promotional/marketing material/program to inform the public about the tequila tasting event, had joint promotional/marketing material/program at the event in question, and had equal right to direct or control their joint promotional, marketing, and/or sales efforts for the event in question. Upon information and belief, Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and/or LA TEQUILANA's employees, agents, representatives, and/or servants had an equal right of control over the tequila brands and food at the tequila tasting event, an equal say as to the tequila tasting event, and/or an equal share of the cost associated with the tequila tasting event.

Upon information and belief, Defendant OLIVO was under the course and scope of his employment with Defendant SPIRITS at the time of the wreck. Upon information and belief, Defendant SPIRITS exercised control over Defendant OLIVO and sent him home and/or to transport, deliver, and/or store Defendant SPIRITS' products, even though Defendant SPIRITS knew or should have known Defendant OLIVO was a danger to himself or others.

As a direct and proximate result of these acts and omissions by Defendants, Plaintiff COURREGES sustained substantial personal injuries and related damages.

## VII. NEGLIGENCE PER SE OF DEFENDANT CHRISTIAN OLIVO

The subject wreck and Plaintiff COURREGES' injuries and damages were proximately caused by Defendant OLIVO's violations of the laws and regulations of the State of Texas, including, but not limited to, the provisions of the Texas Transportation and Penal Codes detailed more fully below, constituting negligence *per se*. Defendant OLIVO's acts and/or omissions while operating the subject motor vehicle were the proximate cause of Plaintiff COURREGES' damages. Furthermore, as a fellow road traveler, Plaintiff COURREGES was in the class of persons, and

suffered the type of injuries applicable provisions of the Transportation and Penal Codes were designed to protect.

## VIII. NEGLIGENCE OF DEFENDANT CHRISTIAN OLIVO

Alternatively, and without waiving the foregoing, the subject wreck and Plaintiff COURREGES' injuries and damages were proximately caused by the negligence of Defendant OLIVO. Upon information and belief, Defendant OLIVO was negligent by breaching his duty of care to a fellow road traveler, like Plaintiff COURREGES, in one or more of the following ways:

1. Failure to make timely or proper application of brakes to avoid a collision;
2. Failure to turn to the left or right to avoid a collision;
3. Failure to pay attention;
4. Failure to keep a proper lookout;
5. Failure to take proper evasive action;
6. Failure to safely apply the brakes to avoid a collision;
7. Failure to warn of approach and/or dangers;
8. Failure to use due care and caution under the circumstances then existing;
9. Failure to honk and give adequate warning of the impending danger;
10. Failing to observe a traffic control device (Tex. Transportation Code §§ 544.004, 544.007);
11. Failure to drive on the right half of the roadway (Transportation §§ 545.051, 545.063);
12. Driving at a speed greater than is reasonable under the circumstances (Transportation § 545.351);
13. Failure to keep a proper lookout (Transportation §545.351);
14. Failure to use due care in operating a motor vehicle (Transportation § 545.351);
15. Failure to control his speed (Transportation §545.351);
16. Driving recklessly (Transportation § 545.401);
17. Operating a vehicle in a willful, wanton, and reckless manner (Transportation § 545.401);
18. Driving while intoxicated (Tex. Penal Code § 49.04);
19. Intoxication Assault (Tex. Penal Code § 49.07), and;
20. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant OLIVO constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## IX. NEGLIGENCE OF DEFENDANT RICO SPIRITS LLC

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges that the subject wreck, her injuries and damages were proximately caused by Defendant SPIRITS' negligent conduct, including violations of the Texas Alcoholic Beverages Code. Plaintiff COURREGES will show that Defendant SPIRITS engaged in one or more of the following acts or omissions:

1. Violating Sections 2.01, *et seq.* and 101.63 of the Texas Alcoholic Beverages Code;
2. Providing intoxicating liquors to Defendant OLIVO when Defendant SPIRITS had actual or constructive knowledge of his intoxication;
3. Continuing to provide intoxicating liquors to an obviously intoxicated person when Defendant SPIRITS knew or should have known that continued consumption was creating a danger to himself or property;
4. Failing to take action to prevent Defendant OLIVO from leaving the bar in an intoxicated state;
5. Failing to investigate the driving safety of intoxicated persons;
6. Negligent exercise of control over an intoxicated employee;
7. Negligent exercise of control over a dangerous person;
8. Negligently, because of Defendant OLIVO's incapacity/intoxication, exercising control over Defendant OLIVO
9. Negligent hiring, retention, supervision, and/or training;
10. Failure to supervise;
11. Failure to supply adequate and reasonably competent drivers and workers;
12. Failure to adequately supervise delivery and routing of Defendant SPIRITS' products;
13. Failure to properly educate, instruct, and supervise its employees in the performance of their duties;
14. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant SPIRITS constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## X. VICARIOUS LIABILITY OF DEFENDANT RICO SPIRITS, LLC

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges Defendant SPIRITS is vicariously liable for the injuries and damages caused by the negligence of their employee, Defendant OLIVO. Plaintiff COURREGES will show Defendant SPIRITS is vicariously liable for the acts and/or omissions of their employees, managers, supervisors, employers, agents, and/or representatives. Upon information and belief, Defendant SPIRITS retained contractual and exercised actual control over the injury causing activity, including, but, not limited to, control over the details, manners, methods, and procedures Defendant OLIVO used in carrying out assigned duties in the course of, or in furtherance of, Defendant SPIRITS' business operation. The right of contractual control and exercise of actual control gives rise to a duty of care to other motorists on the public roadways, thereby making Defendant SPIRITS vicariously liable for Plaintiff COURREGES' injuries and damages under the doctrine of respondeant superior, master/servant, and/or principal/agent.

## XI. NEGLIGENCE OF DEFENDANT P L HOWARD & COMPANY, LLC, d/b/a PEROL RESTAURANT

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges that the subject wreck, her injuries and damages were proximately caused by Defendant P L HOWARD & COMPANY, LLC, d/b/a PEROL RESTAURANT's negligent conduct, including violations of the Texas Alcoholic Beverages Code. Plaintiff COURREGES will show that Defendant P L HOWARD & COMPANY, LLC engaged in one or more of the following acts or omissions:

1. Violating Sections 2.01, *et seq.* and 101.63 of the Texas Alcoholic Beverages Code;
2. Providing intoxicating liquors to Defendant OLIVO when Defendant P L HOWARD & COMPANY, LLC had actual or constructive knowledge of his intoxication;
3. Continuing to provide intoxicating liquors to an obviously intoxicated person when Defendant P L HOWARD & COMPANY, LLC knew or should have known that continued consumption was creating a danger to persons or property;
4. Failing to take action to prevent Defendant OLIVO from leaving Defendant P L HOWARD & COMPANY, LLC's premises in an intoxicated state;
5. Failing to investigate the driving safety of intoxicated persons;
6. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant P L HOWARD & COMPANY, LLC's employees, agents, and/or representatives constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## XII. NEGLIGENCE OF DEFENDANT YEE GROUP LLC, d/b/a PEROL RESTAURANT

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges that the subject wreck, her injuries and damages were proximately caused by Defendant YEE GROUP LLC, d/b/a PEROL RESTAURANT's negligent conduct, including violations of the Texas Alcoholic Beverages Code. Plaintiff COURREGES will show that Defendants PEROL engaged in one or more of the following acts or omissions:

1. Violating Sections 2.01, *et seq.* and 101.63 of the Texas Alcoholic Beverages Code;
2. Providing intoxicating liquors to Defendant OLIVO when Defendant YEE GROUP LLC had actual or constructive knowledge of his intoxication;
3. Continuing to provide intoxicating liquors to an obviously intoxicated person when Defendant YEE GROUP LLC knew or should have known that continued consumption was creating a danger to persons or property;

4. Failing to take action to prevent Defendant OLIVO from leaving Defendant YEE GROUP LLC's premises in an intoxicated state;
5. Failing to investigate the driving safety of intoxicated persons;
6. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant YEE GROUP LLC' employees, agents, and/or representatives constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## XIII. PARTNERSHIP LIABILIY

Alternatively, and without waiving, the foregoing, Plaintiff COURREGES alleges that Defendants P L HOWARD & COMPANY, LLC, and YEE GROUP LLC, are liable for the acts of the partnership's employees, agents, representatives, and/or servants because Defendants operated "PEROL ARTISANAL CARNITAS" d/b/a PEROL RESAURANT as a partnership.

Upon information and belief, Defendants P L HOWARD & COMPANY, LLC, and YEE GROUP LLC shared/had the right to share profits of the business, expressed an intent to be partners in the business, participated/had the right to participate in control of the business, shared/agreed to share in losses of/liability for claims against the business, contributed/agreed to contribute money/property to the business, and shared/had the right to share gross returns/revenues of the business. At the time of the incident, the P L HOWARD & COMPANY, LLC, and YEE GROUP LLC's employees, agents, representatives, and/or servants were acting in the ordinary course of business/with the authority of the partnership.

## XIV. JOINT ENTERPRISE OF DEFENDANTS P L HOWARD & COMPANY, LLC, and YEE GROUP LLC

Alternatively, and without waving the foregoing, Defendants P L HOWARD & COMPANY, LLC, and YEE GROUP LLC are liable for the acts of PEROL RESTAURANT, their employees, managers, supervisors, employers, agents, and/or representatives, because at the time of the tequila tasting event, Defendants were engaged in operating PEROL RESTAURANT, a joint enterprise. Defendants had an agreement, express or implied, a common purpose, a community of pecuniary interest in that common purpose, and an equal right to direct and control the enterprise. Defendants P L HOWARD & COMPANY, LLC, and YEE GROUP LLC are jointly and severally liable for Plaintiff COURREGES' injuries and damages.

## XV. NEGLIGENCE OF DEFENDANT TEQUILA GENERAL GOROSTIETA, LLC

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges that the subject wreck, her injuries and damages were proximately caused by Defendant TEQUILA GENERAL's negligent conduct, including violations of the Texas Alcoholic Beverages Code. Plaintiff COURREGES will show that Defendant TEQUILA GENERAL engaged in one or more of the following acts or omissions:

1. Violating Sections 2.01, *et seq.* and 101.63 of the Texas Alcoholic Beverages Code;
2. Providing intoxicating liquors to Defendant OLIVO when Defendant TEQUILA had actual or constructive knowledge of his intoxication;
3. Continuing to provide intoxicating liquors to an obviously intoxicated person when Defendant TEQUILA knew or should have known that continued consumption was creating a danger to persons or property;
4. Failing to take action to prevent Defendant OLIVO from leaving Defendants PEROL in an intoxicated state;
5. Failing to investigate the driving safety of intoxicated persons;
6. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant TEQUILA GENERAL constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## XVI. NEGLIGENCE OF DEFENDANT DON VICENTE TEQUILA, LLC

Alternatively, and without waiving, the foregoing, Plaintiff COURREGES alleges that the subject wreck, her injuries and damages were proximately caused by Defendant DON VICENTE TEQUILA's negligent conduct, including violations of the Texas Alcoholic Beverages Code. Plaintiff COURREGES will show that Defendant DON VICENTE TEQUILA engaged in one or more of the following acts or omissions:

1. Violating Sections 2.01, *et seq.* and 101.63 of the Texas Alcoholic Beverages Code;
2. Providing intoxicating liquors to Defendant OLIVO when Defendant DON VICENTE TEQUILA had actual or constructive knowledge of his intoxication;
3. Continuing to provide intoxicating liquors to an obviously intoxicated person when Defendant DON VICENTE TEQUILA knew or should have known that continued consumption was creating a danger to persons or property;
4. Failing to take action to prevent Defendant OLIVO from leaving Defendants PEROL in an intoxicated state;
5. Failing to investigate the driving safety of intoxicated persons;
6. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant DON VICENTE TEQUILA constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## XVII. NEGLIGENCE OF DEFENDANT LA TEQUILANA

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges that the subject wreck, her injuries and damages were proximately caused by Defendant LA TEQUILANA's negligent conduct, including violations of the Texas Alcoholic Beverages Code. Plaintiff COURREGES will show that Defendant LA TEQUILANA engaged in one or more of the following acts or omissions:

1. Violating Sections 2.01, *et seq.* and 101.63 of the Texas Alcoholic Beverages Code;
2. Providing intoxicating liquors to Defendant OLIVO when Defendant LA TEQUILANA had actual or constructive knowledge of his intoxication;
3. Continuing to provide intoxicating liquors to an obviously intoxicated person when Defendant LA TEQUILANA knew or should have known that continued consumption was creating a danger to persons or property;
4. Failing to take action to prevent Defendant OLIVO from leaving Defendants PEROL in an intoxicated state;
5. Failing to investigate the driving safety of intoxicated persons;
6. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant LA TEQUILANA constituted negligence, which such negligence was a proximate cause of Plaintiff COURREGES' injuries and damages that are made the basis of this cause of action.

Each of these acts or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of these acts or omissions, whether considered individually or collectively, was a proximate cause of Plaintiff's injuries and damages.

## XVIII. VICARIOUS LIABILITY OF DEFENDANTS P L HOWARD & COMPANY, LLC, and YEE GROUP LLC, individually, or jointly d/b/a PEROL RESTAURANT, TEQUILA GENERAL GOROSTIETA, LLC., and DON VICENTE TEQUILA, LLC.

Alternatively, and without waiving the foregoing, Plaintiff COURREGES alleges Defendants PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, are vicariously liable for the injuries and damages caused by the negligence of their agent, Defendant LA TEQUILANA. Plaintiff COURREGES will show Defendants PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA are vicariously liable for the acts and/or omissions of their employees, managers, supervisors, employers, agents, and/or representatives. Upon information and belief, Defendants PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA retained contractual and exercised actual control over the injury causing activity, including, but, not limited to, control over the details, manners, methods, and procedures Defendant LA TEQUILANA used in carrying out assigned duties in the course of, or in furtherance of, Defendants PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA's business operation.

The right of contractual control and exercise of actual control gives rise to a duty of care to Defendant OLIVO thereby making Defendants PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA vicariously liable for Plaintiff COURREGES' injuries and damages under the doctrine of respondeant superior, master/servant, and/or principal/agent.

## XIX. JOINT ENTERPRISE OF DEFENDANTS RICO SPIRITS, LLC., P L HOWARD & COMPANY, LLC, and YEE GROUP LLC Individually, or Jointly d/b/a PEROL RESTAURANT, TEQUILA GENERAL GOROSTIETA, LLC., DON VICENTE TEQUILA, LLC., and MIREILLE OLIVO, Individually, and d/b/a LA TEQUILANA

Alternatively, and without waving the foregoing, Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and LA TEQUILANA are liable for the acts

of their employees, managers, supervisors, employers, agents, and/or representatives, because at the time of the tequila tasting event, Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and LA TEQUILANA were engaged in a joint enterprise. Defendants SPIRITS, PEROL, TEQUILA GENERAL, DON VICENTE TEQUILA, and LA TEQUILANA had an agreement, express or implied, a common purpose, a community of pecuniary interest in that common purpose, and an equal right to direct and control the enterprise. Defendants are jointly and severally liable for Plaintiff's injuries and damages.

## XX. PLAINTIFF'S DAMAGES

As a direct and proximate result of this wreck, Plaintiff COURREGES suffered bodily injuries to her feet, ankles, legs, waist, hands, arms, shoulders, face, and other parts of her body. As a further result of this wreck, Plaintiff COURREGES has incurred expenses for medical care, nursing services, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff COURREGES, and the charges made and to be made were the usual and customary charges for such services. Plaintiff COURREGES will require further medical care, nursing services, and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a direct and proximate result of this wreck, Plaintiff COURREGES was prevented from working and has lost wage earning capacity. Plaintiff COURREGES will continue to suffer a loss of wage-earning capacity in the future. As a result of her injuries, Plaintiff COURREGES was prevented from performing her household duties and will continue to be unable to perform her household duties in the future. Plaintiff COURREGES also suffered property damage and the loss of use of such property.

As a direct and proximate result of this wreck, Plaintiff COURREGES has suffered physical pain and suffering in the past, and will continue to suffer physical pain and suffering in the future. Plaintiff COURREGES has suffered mental pain and anguish in the past, and will continue to suffer mental pain and anguish in the future. As a result of the wreck, Plaintiff COURREGES has suffered emotional distress in the past, and will continue to suffer emotional distress in the future. Plaintiff COURREGES has suffered and will continue to suffer impairment to her body.

Plaintiff COURREGES has suffered damages within the jurisdictional limits of this Court. Pursuant to Rule 47, Plaintiff COURREGES is required to plead the maximum amount of damages sought; however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiff COURREGES's future damages are still being determined. Plaintiff COURREGES also seeks judgment for all other relief she is entitled to, including, but not limited to, pre-judgment interest, post judgment interest, and court costs.

At this early stage of the proceedings, Plaintiff COURREGES requests the jury be fair and reasonable in its determination of actual damages in an amount over $1,000,000.00.

## XXI. PUNITIVE DAMAGES

Plaintiff COURREGES is entitled to punitive damages because Defendants' acts or omissions, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

Plaintiff COURREGES is entitled punitive damages in a sufficient amount to punish Defendants for their reckless, heedless, and/or grossly negligent conduct and to set an example for others that such conduct will not be tolerated.

## XXII. PROPERTY DAMAGE LOSS OF USE AND DIMINISHED VALUE

Plaintiff will show that as a direct and proximate result of Defendants' negligence, Plaintiff's 2013 Black Lexus RX 350 sustained significant property damage. As such, Plaintiff seeks compensation for their property damage, as well as compensation for the loss of use of and diminished value of their vehicle.

## XXIII. JURY DEMAND

Plaintiff COURREGES respectfully requests a trial by jury of twelve persons on the issues in this case.

## XXIV. TRIAL EVIDENCE

Plaintiff COURREGES hereby places Defendants on actual notice she intends to use Defendants' discovery responses, including any evidence produced in response to such discovery, as evidence in pretrial proceedings and at the trial of this matter, in accordance with such rights and privileges established by Rule 193.7.

## XXV. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff COURREGES requests Defendants be cited to appear and answer, and that upon final trial, Plaintiff COURREGES has judgment against Defendants for all relief requested, for pre-judgment and post judgment interest, for costs of this suit, for punitive damages, and for such other and further relief, general and special, at law or in equity, to which Plaintiff COURREGES may show herself to be justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
420 E. San Antonio Ave., 2nd Floor
El Paso, Texas 79901
(915) 241-0100 (Voice)
(915) 280-2242 (Facsimile)
SamLegate@scherrlegate.com
JamesScherr@scherrlegate.com
PLopez@scherrlegate.com

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600
**JAMES F. SCHERR**
State Bar. No. 17745400
**PABLO S. LOPEZ**
State Bar. No. 24126261

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of August 2025 a true and correct copy of the foregoing was filed electronically which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Service Contacts List:

Carlos Rincon
Raymond C. Torres
RINCON LAW GROUP, P.C.
1014 N Mesa St., Ste. 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)
State Bar No. 16932700
CRincon@rinconlawgroup.com
State Bar No. 24114012
RTorres@rinconlawgroup.com
*Attorneys for Christian Anthony Olivo*

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gloria Jaso on behalf of Sam Legate
Bar No. 12166600
gjaso@scherrlegate.com
Envelope ID: 104011551
Filing Code Description: Amended Filing
Filing Description: PLAINTIFF'S FIRST AMENDED PETITION / KA
Status as of 8/5/2025 4:05 PM MST

Associated Case Party: Annie Courreges

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gloria Jaso | | gjaso@scherrlegate.com | 8/5/2025 3:58:51 PM | SENT |
| Sam Legate | | samlegate@scherrlegate.com | 8/5/2025 3:58:51 PM | SENT |
| James Scherr | | JamesScherr@scherrlegate.com | 8/5/2025 3:58:51 PM | SENT |
| Jonathan Montalvo | | jmontalvo@scherrlegate.com | 8/5/2025 3:58:51 PM | SENT |
| Pablo S.Lopez | | plopez@ScherrLegate.com | 8/5/2025 3:58:51 PM | SENT |

Associated Case Party: ChristianAnthonyOlivo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos Rincon | | crincon@rinconlawgroup.com | 8/5/2025 3:58:51 PM | SENT |
| Raymond Torres | | rtorres@rinconlawgroup.com | 8/5/2025 3:58:51 PM | SENT |
| Donivan J.Ortega | | djortega@rinconlawgroup.com | 8/5/2025 3:58:51 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rachel Fierro | | rfierro@rinconlawgroup.com | 8/5/2025 3:58:51 PM | SENT |